UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) | Civil Action No.: 06-CV-1259 |
| FREEDOM OIL, CO., ) an Illinois corporation, ) ) | Equitable and legal relief sought |
| Defendant. ) | |

### CONSENT JUDGMENT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, (hereinafter "plaintiff") having filed her complaint and defendant, **FREEDOM OIL, CO.**, an Illinois corporation, (hereinafter "defendant"), hereby appearing by counsel acknowledges receipt of the copy of the complaint herein and waives service thereof, and having been duly advised in the premises, agree to the entry of this judgment without contest; now, therefore, upon motion of attorneys for plaintiff and defendant, and for cause shown:

**JUDGMENT IS HEREBY ENTERED** against defendant pursuant to sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. 201 *et seq.*, (hereinafter "the Act"), as follows.

I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 17 of the Act, that the defendant, its officers, agents, servants, employees, and all

persons through whom it acts on behalf of defendant are hereby permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners.

## II

Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of its employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

## III

Defendant shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendant or to someone else for the defendant, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendant accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendant discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendant under the provisions of this judgment or the Act.

IV

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of the plaintiff and against the defendant in the total amount of $211,331.75.

A. Defendant shall pay to the plaintiff the sum of $156,542.04, which represents the unpaid overtime compensation hereby found to be due, for the period September 3, 2004 through October 31, 2005, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein. The sum of $156,542.04 in unpaid overtime compensation shall be paid by defendant to the employees listed in Exhibit A within thirty (30) days of entry of this judgment.

B. Defendant shall further pay to plaintiff as liquidated damages the additional sum of $54,789.71 hereby found to be due for the period September 3, 2004 through October 31, 2005, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein. The additional sum of $54,789.71 in liquidated damages shall be paid by defendant to the employees listed in Exhibit A within ninety (90) days of entry of this judgment.

V

The monetary provisions of Paragraph IV of this judgment shall be deemed satisfied by defendant, upon the following:

A. Defendant shall provide a schedule, in duplicate, showing the name, last-known address, social security number, gross amount of wages due, amounts deducted from gross wages for employee's share of social security and withholding taxes, gross

amount of liquidated damages due, and the total net amount of back wages due for each employee named in Exhibit A. Nothing in this Judgment precludes defendant from complying with court-issued wage deduction and child support orders from the payments being made pursuant to this Judgment. Said schedule shall be forwarded to the U.S. Department of Labor, Wage and Hour Division, 509 W. Capitol Avenue, Suite 205, Springfield, Illinois 62704-1929, within thirty (30) days of entry of this Judgment.

**B.** Defendant shall issue separate checks, payable to each employee listed in Exhibit A in a net amount, after deducting the amount of deductions and other required withholdings required by law. Said deductions shall be paid by defendant to the appropriate authorities as required by law.

1. All checks are to be sent via first class or certified mail to the current and former employees listed on Exhibit A within the time periods set forth in paragraph IV hereinabove. These individual checks shall be void if they are not cashed within sixty (60) days of their issuance, and the face of the checks shall reflect this deadline.

2. After the individual checks become void, the amounts of the individual checks that have not been negotiated, as well as any checks returned to defendant, shall be combined into one (1) aggregate net check, payable to the "U.S. Department of Labor – Wage and Hour Division," and delivered to the U.S. Department of Labor, Wage and Hour Division, at the above address, on or before March 9, 2007. The check containing the sum of the unnegotiated checks shall be accompanied by a letter identifying the case name as <u>Chao v. Freedom Oil</u> and

include the employer's tax identification number, as well as a list of all employees for whom money is deposited with the plaintiff.

**C.** If there is a default in the sending of individual checks or delivery to the U.S. Department of Labor of the aforesaid checks by over fifteen (15) days, the total remaining amount due from the defendant will become automatically and immediately due, plus an additional 10 percent of any remaining amounts due to be prorated among the employees listed on Exhibit A who have not yet received their respective payments.

**D.** Further, defendant shall forward copies of the front and back of the cancelled checks and/or a copy of the payroll register, by certified mail, to the U.S. Department of Labor, Wage and Hour Division, within ninety (90) days of their issuance.

## VI

Plaintiff shall distribute the proceeds of the checks referred to in Paragraph V(B)(2) hereof, or the proceeds thereof, to the persons named in Exhibit A attached hereto, or to their estates, if that be necessary, and any amounts of unpaid overtime compensation or liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

## VII

**FURTHER**, pursuant to section 16(e) of the Act, defendant is hereby ordered to pay to plaintiff the sum of $ 13,668.25 in civil money penalties within ninety (90) days of entry of this Judgment.

## VIII

FURTHER, it is agreed by the parties herein and hereby **ORDERED** that each party bears its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

Dated December 6th, 2006.

s/Michael M. Mihm
MICHAEL M. MIHM
U. S. DISTRICT COURT JUDGE

Defendant hereby consents to entry of this judgment this 15th day of November, 2006.

| | |
|---|---|
| **FREEDOM OIL, INC.,** an Illinois corporation | **HOWARD M. RADZELY** Solicitor of Labor |
| A. MICHAEL OWENS President | JOAN E. GESTRIN Regional Solicitor |
| MICHAEL D. GIFFORD Attorney for Defendant | LINDA J. RINGSTAD Attorneys for ELAINE L. CHAO, Secretary of Labor, U.S. Department of Labor, Plaintiff |
| Howard & Howard Attorneys, P.C. One Technology Plaza 211 Fulton St., Suite 600 Peoria, Illinois 61602 Telephone No.: 309-672-1483 | Office of the Solicitor U.S. Department of Labor 230 South Dearborn St., Rm. 844 Chicago, Illinois 60604 Telephone No.: 312-353-3668 |

## EXHIBIT A

| Name | | Back Wages | Liquidated Damages | Total Amount Due |
|---|---|---|---|---|
| Malik | Abdullah | $1,700.45 | $595.16 | $2,295.61 |
| Kimberly | Alexander | $91.68 | $32.09 | $123.77 |
| Lynn | Andrews | $207.98 | $72.79 | $280.77 |
| Carol | Barnes | $4,450.18 | $1,557.56 | $6,007.74 |
| Floyd | Brown | $3,239.86 | $1,133.95 | $4,373.81 |
| Louis | Casper | $3,631.26 | $1,270.94 | $4,902.20 |
| Kimberly | Cowell | $2,156.42 | $754.75 | $2,911.17 |
| Monica | Craig | $3,936.91 | $1,377.92 | $5,314.83 |
| Dena | Day | $1,868.61 | $654.01 | $2,522.62 |
| Cassandra | Day | $620.08 | $217.03 | $837.11 |
| Jackie | Ernhardt | $1,220.90 | $427.32 | $1,648.22 |
| Milton | Eshleman | $2,055.96 | $719.59 | $2,775.55 |
| Melissa | Everett | $590.67 | $206.73 | $797.40 |
| Dennis | Flaugher | $356.97 | $124.94 | $481.91 |
| Jilliane | Friedman | $4,140.56 | $1,449.20 | $5,589.76 |
| Michael | Fuller | $4,313.49 | $1,509.72 | $5,823.21 |
| Stacy | Fuller | $4,302.82 | $1,505.99 | $5,808.81 |
| Cheryl | Geiselman | $2,391.69 | $837.09 | $3,228.78 |
| Vicki | Gordon | $593.35 | $207.67 | $801.02 |
| Thomas | Gregory | $2,432.46 | $851.36 | $3,283.82 |
| Crystal | Hamm | $1,442.76 | $504.97 | $1,947.73 |
| Brenda | Haney | $4,082.44 | $1,428.85 | $5,511.29 |
| Doug | Henderson | $511.14 | $178.90 | $690.04 |
| Jennifer | Hettinger | $693.45 | $242.71 | $936.16 |
| Edward | Huffman | $3,548.19 | $1,241.87 | $4,790.06 |
| Laura | Hunter | $6,533.47 | $2,286.71 | $8,820.18 |
| Maranda | Ivins | $2,211.87 | $774.15 | $2,986.02 |
| Michael | Johnson | $333.66 | $116.78 | $450.44 |
| Pamela | Johnson | $3,551.32 | $1,242.96 | $4,794.28 |
| Brian | Jones | $3,211.40 | $1,123.99 | $4,335.39 |
| Lena | Jones | $1,205.16 | $421.81 | $1,626.97 |
| William | Kircher | $2,801.90 | $980.67 | $3,782.57 |
| Michelle | Klockenga | $3,957.81 | $1,385.23 | $5,343.04 |
| Kathy | Kramer | $1,411.26 | $493.94 | $1,905.20 |
| Karla | Kuberski | $2,998.56 | $1,049.50 | $4,048.06 |
| Christopher | Lafever | $8,859.26 | $3,100.74 | $11,960.00 |
| Nikki | Laumeister | $458.67 | $160.53 | $619.20 |
| Kevin | Laver | $3,591.85 | $1,257.15 | $4,849.00 |
| Cynthia | Laver | $1,613.07 | $564.57 | $2,177.64 |

| | | | | |
|---|---|---:|---:|---:|
| Larry | Leischner | $2,847.90 | $996.77 | $3,844.67 |
| Kathy | Loden | $771.80 | $270.13 | $1,041.93 |
| Sharon | Lorance | $1,829.03 | $640.16 | $2,469.19 |
| Cassandra | Mackie | $1,383.40 | $484.19 | $1,867.59 |
| Jay | Macleod | $413.23 | $144.63 | $557.86 |
| Elizabeth | Macleod | $5,307.92 | $1,857.77 | $7,165.69 |
| Susan | McCoy | $2,112.34 | $739.32 | $2,851.66 |
| Janice | McDonough | $2,020.24 | $707.08 | $2,727.32 |
| Willis | Moore | $997.15 | $349.00 | $1,346.15 |
| Jana | Oliver | $591.80 | $207.13 | $798.93 |
| Cathy | Peterson | $526.08 | $184.13 | $710.21 |
| Jeanette | Ragar | $4,611.32 | $1,613.96 | $6,225.28 |
| Laura | Rentfro | $2,775.50 | $971.43 | $3,746.93 |
| Mindy | Roellgen | $710.57 | $248.70 | $959.27 |
| James | Rupp | $3,101.23 | $1,085.43 | $4,186.66 |
| Kori | Sheff | $4,242.84 | $1,484.99 | $5,727.83 |
| Sandra | Shepherd | $352.27 | $123.29 | $475.56 |
| Patricia | Simmons | $380.25 | $133.09 | $513.34 |
| Angela | Simpson | $1,419.91 | $496.97 | $1,916.88 |
| George | Skinner | $4,669.76 | $1,634.42 | $6,304.18 |
| Malinda | Smith | $110.69 | $38.74 | $149.43 |
| Anita | Thrasher | $339.14 | $118.70 | $457.84 |
| Mary | Thurman | $1,500.47 | $525.16 | $2,025.63 |
| Willa | Toohill Stanley | $2,183.90 | $764.37 | $2,948.27 |
| Rebecca | Turner | $6,157.74 | $2,155.21 | $8,312.95 |
| Dave | Vetorre | $3,088.98 | $1,081.14 | $4,170.12 |
| Sherry | Washburn | $1,105.20 | $386.82 | $1,492.02 |
| Alva | Watson | $3,642.73 | $1,274.96 | $4,917.69 |
| David | Welch | $29.11 | $10.19 | $39.30 |
| **Total:** | | $156,542.04 | $54,789.71 | $211,331.75 |